1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAVIER PEREZ-LOPEZ,

11              Plaintiff,                    No. 2:10-cv-0353 KJN P

12        vs.

13   COX, et al.,

14              Defendants.                   <u>ORDER</u>

15   _____/

16              Plaintiff is a state prisoner proceeding without counsel with a civil rights action

17   pursuant to 42 U.S.C. § 1983.  On February 25, 2010, plaintiff consented to the jurisdiction of

18   the undersigned.  For the following reasons, this action is dismissed.

19              On April 23, 2010, the undersigned dismissed the original complaint with leave to

20   amend.  In the original complaint, plaintiff alleged that he received a Rules Violation Report for

21   possession of a cell phone and was later found guilty which resulted in the loss of privileges and

22   a 30 day loss of time credits.  Plaintiff sought money damages.

23              In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), an Indiana state prisoner brought a

24   civil rights action under § 1983 for damages.  Claiming that state and county officials violated his

25   constitutional rights, he sought damages for improprieties in the investigation leading to his

26   arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful

1

1    voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a

2    fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United

3    States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

4            in order to recover damages for allegedly unconstitutional
             conviction or imprisonment, or for other harm caused by actions
5            whose unlawfulness would render a conviction or sentence invalid,
             a § 1983 plaintiff must prove that the conviction or sentence has
6            been reversed on direct appeal, expunged by executive order,
             declared invalid by a state tribunal authorized to make such
7            determination, or called into question by a federal court's issuance
             of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages
8            bearing that relationship to a conviction or sentence that has not
             been so invalidated is not cognizable under 1983.

9

10   Heck, 512 U.S. at 486. The Court expressly held that a cause of action for damages under § 1983

11   concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has

12   been invalidated, expunged or reversed. Id.

13          The Supreme Court has extended the Heck bar to § 1983 suits that would negate

14   prison disciplinary proceedings that affect good-time credits. Edwards v. Balisok, 520 U.S. 641,

15   648 (1997). A prisoner's challenge to a disciplinary hearing procedure is barred if judgment in

16   his favor would necessarily imply the invalidity of the resulting loss of good-time credits. Id. at

17   646. So, a "prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief

18   sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct

19   leading to conviction or internal prison proceedings )-if success in that action would necessarily

20   demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74,

21   81-82 (2005).

22          On April 23, 2010, the undersigned dismissed plaintiff's complaint on grounds

23   that his claims appeared to be barred by Heck, supra, and Edwards, supra. Plaintiff was ordered

24   to address in the amended complaint whether the prison disciplinary charge had been expunged

25   or overturned.

26   ////

2

1    In the amended complaint filed May 10, 2010, plaintiff again challenges his

2  conviction for possession of a cell phone.  Plaintiff also makes clear that the disciplinary charge

3  has not been expunged or overturned.  Plaintiff also states that he is seeking restoration of the

4  assessed 30 day time credits as well as money damages.

5    For the reasons discussed above, plaintiff's claim for money damages is barred by

6  Heck, supra, and Edwards, supra, as the disciplinary conviction has not been expunged or

7  overturned.  In a civil rights action, the court does not have the authority to order as a remedy the

8  restoration of time credits.  Plaintiff may seek restoration of the time credits in a habeas corpus

9  petition.

10    Accordingly, IT IS HEREBY ORDERED that this action is dismissed.

11  DATED:  May 18, 2010

12

13

14

15  _____
     KENDALL J. NEWMAN
16   UNITED STATES MAGISTRATE JUDGE

17  per353.dis

18

19

20

21

22

23

24

25

26

3